**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES of America, | ) | |
| | ) | No. 16 C 06437 |
| v. | ) | |
| | ) | Hon. Virginia M. Kendall |
| ARTHUR DAVIS. | ) | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Petitioner Arthur Davis moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 based on *Johnson v. United States*, 135 S.Ct. 2551 (2015), and *Welch v. United States*, 136 S.Ct. 1257 (2016). (Dkt. No. 1.) *Johnson* declared the residual clause of the "violent felony" prong of 18 U.S.C. § 924(e) unconstitutionally vague and *Welch* held that *Johnson* applies retroactively on collateral review. Davis urges resentencing arguing that five of his seven Illinois convictions for burglary (three separate counts), armed robbery, and aggravated battery do not qualify after *Johnson* and *Welch* and so his mandatory 180-month sentence is illegal because he does not have the requisite three prior felony convictions needed to apply the mandatory 180-month sentence under § 924(e)(1). Upon review of the pleadings, the Court denies Davis' motion for the following reasons. [1.]

## <u>BACKGROUND</u>

Davis pled guilty to one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). In the plea agreement the parties agreed that Davis was subject to an enhanced sentence under the Armed Career Criminal Act ("ACCA"), which subjected Davis to a mandatory minimum sentence of 180 months. *See United*

*States v. Davis*, No. 08 CR 541, Dkt. No. 20, at 4 (N.D. Ill. 2009); 18 U.S.C. § 924(e)(1).[1]

The Probation Officer agreed that Davis qualified as an armed career criminal, and identified the following convictions that apply for the purposes of § 924(e):

1. A June 4, 1980 conviction for burglary in Illinois;
2. A June 4, 1980 conviction for burglary in Illinois (separate from the first);
3. An April 26, 1982 conviction for burglary in Illinois;
4. An October 10, 1986 conviction for armed robbery in Illinois;
5. A July 23, 1992 guilty plea to possession of a controlled substance with intent to deliver in Illinois;
6. A July 23, 1992 guilty plea to aggravated battery in Illinois, and;
7. An April 30, 1996 guilty plea to possession of a controlled substance with intent to distribute in Illinois.[2]

Davis stipulated as to having been convicted of each of the aforementioned offenses. (*Id.* at 5-8.) On September 10, 2009, the Court sentenced Davis to the mandatory minimum of 180-months imprisonment pursuant to § 924(e). *See Davis*, 08 CR 541, Dkt. No. 27. Davis did not file a direct appeal on his conviction, the length of his sentence, the manner in which the sentence was calculated, or the use of any prior convictions to calculate his guidelines range or to determine his status as an armed career criminal.

Davis now argues that the predicate burglary, armed robbery, and aggravated battery convictions are inapplicable to § 924(e) and that the mandatory minimum sentence of 180-months is illegal in light of *Johnson*, *Welch*, and *Descamps v. United States*, 57 U.S. 254, 258 (2013) (prohibiting the use of the modified categorical approach when the crime for which the defendant was convicted has a single, indivisible set of elements). The Government does not oppose Davis' argument regarding the burglary

---

[1] "In the case of a person who violates § 922(g) of this title and has three previous convictions by any court referred to in § 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years ..."

[2] *See* Pre-Sentence Report ("PSR") in connection with *United States v. Davis*, No. 08 CR 541, at 183-84; 193-94; 222-23; 246-47; 262-63; 271-72; 306-07.

convictions, but argues that the drug offense, the aggravated battery, and the armed robbery convictions still qualify Davis as having three predicate offenses; thus maintaining his status as an armed career criminal for the purpose of § 924(e). (Dkt. No. 19, at 5.)

## LEGAL STANDARD

On a timely and proper motion, "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence imposed ... was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). The statute applies only in extraordinary circumstances involving an "error of constitutional magnitude" or in the event of a "fundamental defect" resulting in a complete miscarriage of justice. *Black v. United States*, 723 F.3d 870, 878-79 (7th Cir. 2013). Under § 2255(a), a movant must file the motion within one-year from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). Because the relief is extraordinary and rare, "if it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." *See United States v. Pearson*, No. 17 CV 2229, 2017 WL 2958245, at *2 (N.D. Ill. 2017) (Kendall, J.) (quoting Rule 4 of the *Rules Governing 2255 Proceedings for the United States District Courts*).

**DISCUSSION**

As a preliminary matter, the Government concedes that Davis' three burglary convictions no longer qualify as violent felonies under the ACCA. *See* (Dkt. No. 19, at 10-12); *see also United States v. Haney*, 840 F.3d 472, 475 (7th Cir. 2016) (holding the ordinary burglary statute during the relevant time—1980-1982—does not satisfy the federal definition of burglary for the purposes of § 924(e)). The Government asserts that it was unable to determine whether Davis was charged with ordinary burglary, 720 ILCS § 19-1, or with residential burglary, 720 § 19-3.[3] (Dkt. No. 19, at 11.) The Government also concedes that the 1992 conviction for possession of a controlled is not a predicate conviction under ACCA. (Dkt. No. 19, at 8.) However Davis still qualifies as an armed career criminal based on three other predicate convictions that qualify under § 924(e).

**I.    Conviction for Possession of a Controlled Substance with Intent to Distribute**

At the time of Davis' 1996 conviction Illinois law defined possession of a controlled substance with intent to distribute 1 gram or more but less than 15 grams of any substance containing cocaine, or an analog thereof, as a Class 1 felony, punishable by a maximum 15-year sentence. *See* 720 ILCS 570/401(c)(2) (1992); 730 ILCS 5/5-8-1. Under the ACCA, a "serious drug offense" is "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance … for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii). Davis admits to pleading guilty to the 1996 possession charge and he does not dispute that this conviction qualifies as a predicate conviction under § 924(e). (Dkt. Nos. 1, at 6; 19, at 3.) Therefore, having met

---

[3] Although irrelevant based on the Government's response, the 1982-version of ordinary burglary does not qualify under ACCA, while the 1982-version of residential burglary currently does. *See Smith v. United States*, 877 F.3d 720, 724 (7th Cir. 2017) (cert. pending).

4

the requirements established by statute, this conviction qualifies as a predicate conviction under § 924(e)(2)(A)(ii).

## II.    Conviction for Aggravated Battery

In 1992 Davis was convicted in Illinois for aggravated battery pursuant to Ill. Stat. Ann. 38 ¶ 12-4(a) (as amended in 1989).  He argues this statute does not qualify as a violent felony under § 924(e)(2)(B)(i).  (Dkt. No. 1, at 18-20.)  A "violent felony" is defined under § 924 as "any crime punishable by imprisonment for a term exceeding one year …that has an element *the use, attempted use, or threatened use of physical force against the person of another*."  18 U.S.C. § 924(e)(2)(B)(i) (emphasis added).

However some states utilize more complicated structure when defining particular offenses and a single statute may be divisible, or list elements in the alternative thereby creating the potential for multiple offenses under the same statute.  *See Mathis v. United States*, 136 S.Ct. 2243, 2249 (2016).  In such circumstances, a "modified categorical approach" is required when reviewing whether the elements of a particular offense qualify as predicate convictions under the "violent felony" prong of § 924(e).  *Id.*  The modified categorical approach permits a reviewing court to review a "limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." *Id.*  Davis asserts that his conviction for aggravated battery is the result of a divisible statute[4] and that since the Illinois statute for aggravated battery does not always require the use of force, the conviction is not a predicate under ACCA.  (Dkt. No. 1, at 19-20.)

But Davis fails to consider that the statute he was actually charged with in 1992 was aggravated battery with a firearm under Ill. Stat. Ann. 38 ¶ 12-4.2(a), and his

---

[4] Davis cites to 720 ILCS 5/12-4, which is the current aggravated battery statute in Illinois.

corresponding conviction was for aggravated battery pursuant to Ill. Stat. Ann. 38 ¶ 12-4(a) (as amended in 1989).  Under the statute existing in 1992, an offense of aggravated battery was defined under (a) as "a person who, in committing a battery, intentionally or knowingly causes *great bodily harm*, or permanent disability or disfigurement…"  Ill. Stat. Ann. 38 ¶ 12-4(a) (as amended in 1989) (emphasis added); *see* (Dkt. No. 19, Ex. 3, at 3, 12).  The Government contends that this particular prong of the aggravated battery statute in existence at the time Davis was convicted qualifies as a "violent felony" and attaches—as support—the indictment and charging documents as an exhibit to its response brief.  (Dkt. No. 19, at 9-10; Ex. 3.)

So although Davis is correct that the modern version of Illinois' aggravated battery statute is divisible and includes certain offenses that would not always qualify as ACCA predicate violations, his 1992 conviction for aggravated battery under the first prong of the then-existing aggravated battery offense certainly qualifies as a "violent offense" under § 924(e) because the offense included a similarly worded force element. Furthermore, the Seventh Circuit has long held that the phrase "causes bodily harm" in the state's battery statute means force that satisfies the violent physical force requirement in *Johnson*.  *Hill v. Werlinger*, 695 F.3d 644, 649 (7th Cir. 2012); *United States v. Rodriquez–Gomez*, 608 F.3d 969, 973–74 (7th Cir. 2010); *United States v. Lynn*, 851 F.3d 786. 799 (7th Cir. 2017).  Accordingly, the 1992 conviction for aggravated battery is a predicate conviction for the purpose of § 924(e).

## III.    Conviction for Armed Robbery

Finally, Davis' 1986 conviction for armed robbery also qualifies as a predicate conviction under § 924(e).  Analysis of this issue is packaged nicely in *Shields v. United*

*States*, where a similarly situated petitioner argued that the Illinois armed robbery statute requires only minimal force and therefore cannot qualify as a "violent felony" in some circumstances. 2018 WL 1417493, at *2 (7th Cir. 2018). As an "indivisible" statute, the Court applied the categorical approach, *see Descamps v. United States*, 570 U.S. 254, 260 (2013), and held that inclusion of the simple robbery statute as a necessary element needed to prove armed robbery satisfied the force prong under § 924(e)(2)(B)(i); thus making armed robbery a predicate conviction under the ACCA. *Shields*, 2018 WL 1417493, at *3. This is so because the simple robbery statute contains the necessary element of the "use of force or by threatening the imminent use of force" and so a showing of the same is required to prove armed robbery. *Id*. They bolster this decision with other circuit decisions discussing the simple robbery force element as a predicate under § 924(e) or associated Sentencing Guidelines. *Id*.; *see also United States v. Dickerson*, 901 F.2d 579 (7th Cir. 1990) (Illinois robbery requires sufficient force to be a violent felony); *United States v. Chagoya-Morales*, 859 F.3d 411 (7th Cir. 2017) (Illinois aggravated robbery is a crime of violence under the Sentencing Guidelines); *United States v. Miller*, 721 F.3d 435, 441 (7th Cir. 2013) (explaining our usual practice is to evaluate crimes of violence under the Guidelines and violent felonies under the ACCA interchangeably).

Looking at Davis' 1986 conviction in a similar fashion, he was sentenced to ten years for violating Chapter 38, Section 18-2(a) of the Illinois Revised Statutes. (Dkt. No. 19, at 13.) As amended in 1983, armed robbery was defined as follows: "a person commits armed robbery when he or she violates Section 18-1 [simple robbery] while he or she carries on or about his or her person, or is otherwise armed with a dangerous

weapon." Ill. Stat. Ann. 38 ¶ 18-2(a) (as amended in 1983). Furthermore ¶ 18-1 stated that "a person commits robbery when he takes property from the person or presence of another by the *use of force or by threatening the imminent use of force*." Ill. Stat. Ann. 38 ¶ 18-1 (as amended in 1983) (emphasis added). Applying the logic from *Shields*, a necessary element of Davis' armed robbery conviction required the use of force or threatened use of force (the ¶ 18-1 element), while armed with a dangerous weapon. Based upon the plain language of the statute, his admitted conviction, and subsequent case law, Davis' 1986 conviction qualifies as a predicate conviction under the "violent felony" prong of § 924(e).

Even assuming the existence of merit to Davis' argument that the Seventh Circuit's treatment of the Illinois armed robbery statute cannot stand as a result of *Descamps*, Davis is procedurally barred from raising this claim now because there was no objection to the use of 1986 conviction at sentencing, and *Descamps* has yet to be applied retroactively. *See Groves v. United States*, 755 F.3d 588, 593 (7th Cir. 2014) (the Supreme Court has not made *Descamps* retroactive on collateral review).

## CONCLUSION

Accordingly, Davis has three convictions—one drug-related and two that are violent felonies—that qualify as predicate convictions for the purpose of an enhanced sentence under § 924(e): (1) the 1996 conviction for possession of a controlled substance with intent to distribute; (2) the 1992 conviction for aggravated battery; and (3) the 1986 conviction for armed robbery. Accordingly Davis' motion pursuant to §2255(a) to vacate, set aside or correct his sentence is denied. Furthermore, Davis' claims do not involve "errors of constitutional magnitude," they do not raise "fundamental defects" resulting in

a complete miscarriage of justice, and because no reasonable jurist could disagree with denial of Davis' §2255 motion based on the constitutional claims asserted, the Court declines to issue a certificate of appealability.

Hon, Virginia M. Kendall
United States District Judge

Date: April 27, 2018